# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BANK OF NEW YORK MELLON,

    Plaintiff

v.

SFR INVESTMENTS POOL 1, LLC, et al.,

    Defendants

Case No.: 2:15-cv-01078-APG-BNW

**Order (1) Granting Plaintiff's Motion for Summary Judgment on Tender; (2) Denying Plaintiff's Second Motion for Summary Judgment as Moot; (3) Denying SFR's Motion for Summary Judgment; (4) Granting in Part Pecos's Motion for Summary Judgment; and (5) Dismissing Plaintiff's Negligence Claims as Moot**

[ECF Nos. 87, 89, 97, 99]

Plaintiff Bank of New York Mellon (BONY) sues to determine whether its deed of trust encumbering property located at 6305 Legend Falls Street in North Las Vegas, Nevada was extinguished by a nonjudicial foreclosure sale conducted by a homeowners association (HOA), defendant Pecos Park-Sunflower Homeowners Association (Pecos). Defendant SFR Investments Pool 1, LLC (SFR) purchased the property at the foreclosure sale. BONY seeks a declaration that its deed of trust still encumbers the property and it asserts damages claims against Pecos. SFR counterclaims for declaratory relief and to quiet title in itself.[1]

The parties move for summary judgment on a variety of grounds. The parties are familiar with the facts so I do not repeat them here except where necessary. I grant BONY's motion and deny SFR's motion because no genuine dispute remains that BONY tendered the superpriority amount, thereby extinguishing the superpriority lien and rendering the sale void as to the deed of trust. I deny BONY's alternative motion for summary judgment as moot. I grant in part Pecos's

---

[1] SFR also filed a crossclaim against the prior homeowner, Fred Shaker, but SFR voluntarily dismissed that claim. ECF No. 98.

motion because the sale will not be set aside, so it is no longer a proper party to BONY's declaratory relief claim and BONY cannot prevail on a wrongful foreclosure claim against Pecos. I dismiss as moot BONY's negligence claims against Pecos because those were explicitly pleaded in the alternative to the declaratory relief claim.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

    **A. Declaratory Relief**

Under Nevada law, a "first deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust."

2

*Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 116 (Nev. 2018) (en banc). To be valid, tender must be for "payment in full" and must be either "unconditional, or with conditions on which the tendering party has a right to insist." *Id.* at 118.

BONY has met its burden of establishing that its prior servicer, Bank of America, N.A. (BANA), tendered the superpriority amount in full. The monthly HOA assessment was $35.25 per month. ECF No. 87-1 at 26. Prior to the HOA foreclosure sale, BANA tendered $317.25 to Pecos's foreclosure agent, Nevada Association Services, Inc. (NAS), to cover the superpriority amount of nine months of assessments. ECF No. 87-2 at 11-17. NAS refused to accept the check. *Id.* at 4, 17. SFR has presented no contrary evidence in response. Consequently, no genuine dispute remains that the superpriority lien was extinguished and the property remains subject to the deed of trust. *Bank of Am., N.A.*, 427 P.3d at 121.

SFR raises several arguments as to why tender did not extinguish the superpriority lien. None raises a genuine dispute precluding summary judgment.

### *1. Evidentiary Challenges*

SFR contends BONY has presented no evidence that BANA was the prior servicer on the loan. It also argues that BONY cannot rely on Doug Miles' affidavit because BONY did not disclose him as a witness in discovery, and in any event Miles lacks knowledge to authenticate the documents attached to his affidavit and there is inadmissible hearsay within those documents. SFR thus argues BONY has not shown that it tendered the proper superpriority amount.[2]

---

[2] SFR objects to BONY's use of deposition testimony from another case that was not disclosed in discovery in this case and to exhibits 1, 2, 3, 12, and 13 of BONY's request for judicial notice because there is no basis for the court to take judicial notice of other court orders. BONY did not respond to either of these objections. I therefore do not consider the deposition testimony from another case. Additionally, I do not take judicial notice of the court orders attached to BONY's request for judicial notice. However, that does not mean I cannot review relevant legal authority, to the extent I find it persuasive.

3

BONY responds that the ledger is authenticated by a custodian of records affidavit from NAS and that the ledger does not show any charges for maintenance or nuisance abatement, nor is there any other evidence of such charges. BONY argues Miles can authenticate the runner slip showing that the tender check was delivered to NAS because it is part of the records of law firm Miles Bauer Bergstrom Winters LLP (Miles Bauer) and qualifies as nonhearsay under the business records exception.

SFR does not explain why it matters whether BANA was the prior servicer on the loan. Even if BANA was not the servicer, BANA could have satisfied the superpriority lien. *Cf. Saticoy Bay LLC v. JPMorgan Chase Bank*, No. 71246, 408 P.3d 558, 2017 WL 6597154, at *1 (Nev. 2017) (holding no superpriority lien remained after homeowner made payments sufficient to satisfy the superpriority amount and the HOA applied those payments to the superpriority portion). Regardless, there is evidence in the record that BANA was the servicer. ECF Nos. 99-1 at 32-33; 111-2 at 7.

SFR next contends BONY never disclosed Miles in discovery. SFR's position is difficult to understand given that BONY attached Miles' declaration to a prior motion for summary judgment in this case. ECF No. 54-1. SFR thus had known about Miles and the content of his declaration for nearly three years by the time the second round of summary judgment briefing took place.

As to authentication, BONY has presented sufficient proof from which a reasonable jury could find the ledger from NAS "is what its proponent claims." Fed. R. Evid. 901(a). BONY presented a custodian of records affidavit authenticating the NAS records. ECF No. 87-1 at 2. SFR presents the exact same documents and affidavit in support of its own motion. ECF No. 111-1.

Although SFR contends the ledger is hearsay because NAS must have obtained the information contained in the ledger from Pecos, BONY need not present the evidence in admissible form at summary judgment. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) ("At the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents."). BONY could call a witness from Pecos to identify the monthly assessment amount. Because the evidence could be presented in admissible form at trial, I may consider it at summary judgment. *Id.* BONY thus has met its burden to establish the superpriority amount. In response, SFR has presented no evidence to suggest the monthly assessment amount is anything other than what was stated in the ledger that NAS (who was Pecos's agent) had in its records. Additionally, that ledger identified no maintenance or nuisance abatement charges. SFR has presented no other evidence of such charges. SFR therefore has failed to raise a genuine dispute about the superpriority amount. *See Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623 (9th Cir. 2019) (holding tender of nine months of assessments was sufficient where the HOA's "ledger did not indicate that the property had incurred any charges for maintenance or nuisance abatement").

As for tender of that amount to NAS, Miles states that he has personal knowledge of Miles Bauer's procedures for creating and maintaining its business records and he sets forth the prerequisites for the business records exception to hearsay.[3] ECF No. 187-2 at 2; Fed. R. Evid. 803(b). Miles Bauer's records show it requested the superpriority amount from NAS, NAS

---

[3] SFR contends Miles has previously testified he lacks knowledge about what certain codes mean in the electronic database about which he testifies, so he cannot testify as to the accuracy or meaning of entries in that database. Miles' inability to identify particular icons in the database entries or his understanding of the word "rejected" in the database are irrelevant. SFR does not explain why the meaning of an icon in the database matters in the context of this case, and the database entry states that the tender check was "returned," not rejected. *Compare id.* at 6 *with* ECF Nos. 94-1; 94-2.

5

failed to respond, so Miles Bauer used a payoff ledger that NAS had previously provided for the same HOA and issued a check in the superpriority amount. *Id.* at 6-16. Miles Bauer sent the check via runner but NAS refused to accept it. *Id.* at 4, 6, 17. Even if this evidence is not currently in admissible form, BONY could call witnesses from Miles Bauer, NAS, and if needed, the runner's company, to establish these facts through admissible testimony. SFR does not present any evidence to dispute the superpriority amount, the existence or nonexistence of maintenance or nuisance abatement charges, tender, delivery, or rejection. Consequently, no genuine dispute remains that BANA tendered the superpriority amount, thereby extinguishing the superpriority portion of the lien and rendering the HOA sale void as to the deed of trust.

### 2. *Standing*

SFR contends that BONY lacks standing to enforce the note and deed of trust because it has not produced the original note, a purchase and sale agreement identifying the loan, a check or wire transfer showing payment for the loan, or proof of the assignment to BONY. It also argues BONY must establish that the note and deed of trust have been reunified through valid transfers to BONY.

BONY responds that it does not seek to enforce the note in this action so arguments about the note are irrelevant. BONY contends it is undisputed that it is the beneficiary of record for the deed of trust, SFR did not object to its request for judicial notice of the deed of trust and the assignment to BONY, and SFR has presented no evidence to the contrary.

The question in this case is not whether BONY could presently foreclose. The question is whether BONY has a sufficient interest in the deed of trust that it has standing to seek declaratory relief as to the deed of trust's continuing validity. BONY is the beneficiary of record. ECF No. 88-7; *see also* ECF No. 99-1 at 32-33 (affidavit of authority to exercise sale

identifying BONY as the holder of the note and beneficiary of record). SFR has presented no contrary evidence. BONY therefore has standing to seek a declaration that the deed of trust remains an encumbrance on the property.

### 3. Impermissible Conditions

SFR contends Chapter 116 precluded the HOA from entering into a contract with BANA through acceptance of the Miles Bauer tender that would waive the HOA's rights to a superpriority lien. Specifically, SFR argues that the Miles Bauer tender letter contained an impermissible condition that the HOA waive or subordinate its right to the portion of the superpriority lien consisting of maintenance and nuisance abatement charges. BONY responds that the Supreme Court of Nevada has already found an identical Miles Bauer letter to be a valid tender. Additionally, BONY notes that arguments about maintenance or nuisance abatement charges are irrelevant because there is no evidence of these types of charges related to this property and any such charges arising later would not be part of the superpriority lien unless the HOA filed a new notice of delinquent assessment lien.

The Supreme Court of Nevada has already held that where, as here, there is no evidence of maintenance or nuisance abatement charges, identical Miles Bauer letters did not impose impermissible conditions on tender. *See Bank of Am., N.A.*, 427 P.3d at 117-18; *BDJ Invs., LLC v. Bank of Am., N.A.*, No. 76481, 448 P.3d 573, 2019 WL 4392466, at *1 (Nev. 2019) ("Because nothing in the record indicates that the HOA had incurred any maintenance or nuisance abatement charges at the time the tender was made, the letter cannot reasonably be construed as forcing the HOA to waive its right to afford superpriority status to any such charges that might be assessed in the future."); *Alliant Commercial, LLC v. Bank of New York Mellon*, No. 76565, 443 P.3d 544, 2019 WL 2725620, at *1 (Nev. 2019) ("Assuming without deciding that the tender

7

contained a misstatement of law, such a misstatement is not an impermissible condition as it does not require anything of the HOA for the HOA to be able to accept the tender. Furthermore, no such [maintenance and nuisance abatement] charges are at issue in this case. Thus, the purported misstatement does not alter the tender's legal effect."). Because there is no evidence of maintenance or nuisance abatement charges, the tender letter did not contain impermissible conditions. Additionally, if such charges arose later, Pecos "would have been required to issue new foreclosure notices if it sought to afford those costs superpriority status." *Doreen Properties, LLC v. U.S. Bank Nat'l Ass'n as Tr. for Holders of Bear Sterns Alt-A Tr. 2006-3*, No. 75885-COA, 2019 WL 2474893, at *1 (Nev. App. June 12, 2019) (citing *Property Plus Invs., LLC v. Mortgage Elec. Registration Sys.*, 401 P.3d 728, 731-32 (Nev. 2017) (en banc) (stating that the HOA is not limited to one superpriority lien but it must initiate a new foreclosure process to enforce a second superpriority default).

### *4. Equities and Bona Fide Purchaser*

SFR argues that even if BANA tendered the superpriority amount, I still must balance the equities before setting aside the sale, which would include an evaluation of SFR's bona fide purchaser status. BONY responds that because the tender extinguished the superpriority lien as a matter of law, I should not balance the equities or consider SFR's status as a bona fide purchaser. Alternatively, BONY argues that if I do, I should rule in its favor because BANA tendered, NAS wrongfully rejected tender, and the sale price was grossly inadequate.

"[T]ender of the superpriority portion of an HOA lien satisfies that portion of the lien by operation of law." *Bank of Am., N.A.*, 427 P.3d at 120. Because "valid tender cured the default as to the superpriority portion of the HOA's lien, the HOA's foreclosure on the entire lien resulted in a void sale as to the superpriority portion." *Id.* at 121. A "party's status as a [bona

fide purchaser] is irrelevant when a defect in the foreclosure proceeding renders the sale void." *Id.* For these same reasons, I do not weigh the equities if tender was valid because "the voiding of the foreclosure sale as to the superpriority portion of the lien is ultimately the result of the operation of law and not equitable relief." *Salomon v. Bank of Am., N.A.*, No. 75200-COA, 2019 WL 3231009, at *2 n.3 (Nev. App. July 17, 2019). SFR has not pointed to a single case where, after finding valid tender, the Supreme Court of Nevada then engaged in a balancing of the equities. Instead, that court has consistently held that tender voids the sale as to the deed of trust by operation of law and as a result bona fide purchaser status is irrelevant, and it has engaged in no further inquiry or balancing.

*5. Summary on Declaratory Relief*

In sum, BONY has met its initial burden at summary judgment of showing no genuine dispute remains that BANA tendered the superpriority portion of the HOA's lien, thereby rendering the sale void as to the deed of trust. SFR has not presented evidence raising a genuine dispute in response. Consequently, SFR purchased the property subject to the deed of trust.

**B. Pecos**

Because I do not set aside the sale, I grant in part Pecos's motion to the extent that it is no longer a proper party to BONY's declaratory relief claim. And because the foreclosure sale did not extinguish the deed of trust, BONY cannot show the sale was wrongful as to it, so I grant Pecos's motion on the wrongful foreclosure claim.[4] Finally, I dismiss as moot BONY's negligence claims against Pecos, which were pleaded in the alternative to the declaratory relief claim. *Id.* at 10-11.

---

[4] BONY's wrongful foreclosure claim is not explicitly pleaded in the alternative to its declaratory relief claim. ECF No. 29 at 9-10.

9

**II. CONCLUSION**

I THEREFORE ORDER that plaintiff Bank of New York Mellon's motion for summary judgment **(ECF No. 87) is GRANTED**. The clerk of court is instructed to enter judgment in favor of plaintiff Bank of New York Mellon FKA The Bank of New York as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-4, Mortgage Pass-Through Certificates, Series 2005-4 and against defendant SFR Investments Pool 1, LLC as follows: It is declared that the homeowners association's non-judicial foreclosure sale conducted on December 14, 2012 did not extinguish the deed of trust, and the property located at 6305 Legend Falls Street in North Las Vegas, Nevada remains subject to the deed of trust.

I FURTHER ORDER that plaintiff Bank of New York Mellon's motion for summary judgment **(ECF No. 89) is DENIED as moot**.

I FURTHER ORDER that defendant SFR Investments Pool 1, LLC's motion for summary judgment **(ECF No. 99) is DENIED**.

I FURTHER ORDER that defendant Pecos Park-Sunflower Homeowners Association's motion for summary judgment **(ECF No. 97) is GRANTED in part**. The motion is granted as to plaintiff Bank of New York Mellon's declaratory relief and wrongful foreclosure claims.

I FURTHER ORDER that plaintiff Bank of New York Mellon's negligence claims against defendant Pecos Park-Sunflower Homeowners Association **are DISMISSED as moot**.

I FURTHER ORDER the clerk of court to close this case.

DATED this 15th day of November, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE